**Robert PASHO; Pranvera Pasho, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–3292, A76 142 549, A77 837 139.**

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Carl M. Weideman, Jr., Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioners.

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District

Scott R. McIntosh, Catherine Y. Hancock, Washington, DC, for Respondent.

Before CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.*

*ORDER*

Robert Pasho and Pranvera Pasho, natives and citizens of Albania, petition for review of the orders of the Board of Immigration Appeals ("BIA") affirming the immigration judge's order denying their applications for asylum and withholding of removal. The government has expressly waived oral argument, and the Pashos have waived oral argument by failing to respond to a letter from the Clerk's office asking them to show cause why oral argument should be granted.

On January 8, 1999, Robert was admitted into the United States as a non-immigrant visitor for business and was authorized to remain until April 7, 1999. Robert stayed beyond the time permitted, and the Immigration and Naturalization Service ("INS") commenced removal proceedings against him on that basis. On July 13, 1999, Pranvera attempted to enter the United States. After inspection by an immigration officer, however, she was neither admitted nor paroled into the country because she sought admission by fraud or willful misrepresentation of a material fact. The INS instituted removal proceedings against her on that basis.

On February 16, 2000, the immigration judge ("IJ") held a master calendar hearing at which Pranvera conceded removability but declined to designate a country of removal. The IJ designated Albania. On February 22, 2000, the IJ conducted a master calendar hearing at which Robert

of Ohio, sitting by designation.

conceded removability but declined to designate a country of removal. The IJ designated Albania. The two cases were consolidated. The Pashos indicated that they sought asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Robert also sought voluntary departure.

On June 2, 2000, the IJ conducted a removal hearing. Robert testified about alleged instances of past persecution that served as the basis for his fear of future persecution should he return to Albania. Pranvera also testified and attempted to corroborate the details of the alleged instances of past persecution. The IJ found that the Pashos did not offer credible testimony or provide credible evidence supporting their allegations of past persecution and denied them asylum, withholding of removal, and relief under the Torture Convention. The IJ also denied Robert voluntary departure. The BIA issued orders affirming the IJ's decision without opinion.

We have recently addressed and rejected the Pashos' constitutional challenge to 8 C.F.R. § 1003.1(a)(7) in *Denko v. INS,* 351 F.3d 717, 729–30 (6th Cir.2003). In this case, the BIA's decisions were supported by substantial evidence. *Daneshvar v. Ashcroft,* 355 F.3d 615, 624 (6th Cir.2004). The Pashos have not presented compelling evidence sufficient to warrant reversal of the BIA's orders. *Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003).

Because the BIA's decisions were supported by substantial evidence, the petition for review is denied.